UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 09-CR-00309-JFM |
| ) | |
| BRIAN DRAKE ) | |

## GOVERNMENT'S RESPONSE TO BRIAN DRAKE'S MOTION FOR RETURN OF PROPERTY

NOW COMES the Plaintiff, the United States of America, by and through Rod J. Rosenstein, United States Attorney for the District of Maryland, and Mushtaq Gunja, Assistant United States Attorney, and provides its response to Brian Drake's Motion for Return of Seized Property.

## PROCEDURAL HISTORY

On May 28, 2009, agents of the Drug Enforcement Administration ("DEA") executed a search and seizure warrant at 2123 Annapolis Road, Baltimore, MD. During the execution of the search warrant, DEA agents found and seized $9,880 in United States currency, one .32 Caliber Smith & Wesson Revolver, a driver's license in the name of Brian Drake ("Drake"), and three cellular telephones. On June 4, 2009, Drake was charged in a one count Indictment with being a felon in possession. On June 26, 2009, Drake entered into a plea agreement where he plead guilty and was subsequently sentenced to twenty-one months in prison. On November 14, 2009, the DEA administratively forfeited $9,880 in United States currency. On September 3, 2010, Drake filed a Motion for Return of Seized Property in which he seeks, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, the return of the $9,880 in United States currency that was administratively forfeited, as well as the return of the three cell phones and his driver's license.

1

## ARGUMENT AND CITATION OF AUTHORITY

Rule 41(g) of the Federal Rules of Criminal Procedure provides, in relevant part, that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."[1] Fed. R. Crim. P. 41(g). Although there is an appropriate role for a Rule 41(g) motion in forfeiture cases, the reliance on Rule 41(g) is often misplaced. A Rule 41(g) motion is an *equitable remedy* that is available only upon a showing that there is no adequate remedy at law. *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006) (explaining that a Rule 41(g) motion is an equitable remedy that is only available when there is not adequate remedy at law); *see Shaw v. United States*, 891 F.2d 602, 603-04 (6th Cir. 1989) (explaining that Rule 41(e) is an equitable remedy, and "[u]nder standard equity doctrine, where there is an adequate remedy at law it must be pursued"); *United States v. Price*, 914 F.2d 1507, 1511 (D.C. Cir. 1990) (per curiam) ("once the Government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the District Court has no jurisdiction to resolve the issue of return of property"; claimant's remedy is to challenge the forfeiture in the administrative proceeding).

Once the government commences an administrative, civil or criminal forfeiture proceeding, a district court loses jurisdiction over the Rule 41(g) motion and it becomes moot. *See Ibarra v. United States*, 120 F.3d 472, 475-76 (4th Cir. 1997) (citing numerous cases holding that district courts are divested of jurisdiction over a forfeiture action once administrative proceedings have begun); *United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 479 (2d Cir. 1992) (once the

---

[1] Prior to 2002, the provision now codified as Rule 41(g) appeared as Rule 41(e).

administrative proceeding had begun, the district court loses subject matter jurisdiction to adjudicate claims regarding the seizure) When an individual wishes to challenge a completed administrative forfeiture, the appropriate, and only, vehicle is via 18 U.S.C. § 983(e). *United States v. Sims*, 376 F.3d 705, 707 (7th Cir. 2004) (section 983(e) is the exclusive remedy for challenging an administrative forfeiture that was commenced on or after August 23, 2000); *Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005) (same); *Craig v. United States*, 372 Fed. Appx. 817, 818 (9th Cir. 2010) (§ 983(e) is the exclusive remedy for a completed administrative forfeiture); *United States v. Barnhardt*, 2006 WL 2474224, *2 (D.D.C. 2006) (dismissing Rule 41(g) motion for lack of jurisdiction; if property has been administratively forfeited, section 983(e) provides the sole remedy); *United States v. Russell*, 2006 WL 2786883 (M.D. Ala. 2006) (Rule 41(g) is not the proper vehicle for contesting a completed administrative forfeiture; the exclusive remedy is in section 983(e)).

In order to be granted relief under 18 U.S.C. § 983(e) an individual must satisfy two requirements: 1) that the government did not take reasonable steps to provide notice *and* 2) "the moving party did not know or have reason to know of the seizure within sufficient time to file a timley claim." 18 U.S.C. § 983(e); *see Bermudez v. City of New York Police Department*, 2008 WL 3397919, *4 (S.D.N.Y. Aug. 11, 2008) (to prevail under § 983(e), plaintiff must show Government did not take reasonable steps to provide notice, and that he did not have actual notice of the seizure in time to file a timely claim); *United States v. Russell*, 2006 WL 2786883 at * 2-3 (the movant must show not only that the Government failed to send him proper notice, but also that he did not know of the seizure in time to file a claim; prisoner who knew that the property was seized from him at the time of his arrest cannot satisfy the second requirement, so his motion must be denied even if the

Government did not send proper notice); *Harrington v. DEA*, 2006 WL 897221, *4 (E.D. Ky. 2006) (under section 983(e)(1), claimant must show that the Government's attempts to provide notice were inadequate and that claimant was not aware of the seizure in time to file a valid claim).

In the instant case, administrative forfeiture proceedings commenced on July 7, 2009 and were completed on November 12, 2009 when a Declaration of Forfeiture was entered in favor of the government. *See* **Exhibit A-14**. Accordingly, Drake's Motion for Return of Property pursuant to Rule 41(g), filed September 3, 2010, is misplaced; his sole remedy would be a challenge pursuant to 18 U.S.C. §983(e). Moreover, even if Drake did make a challenge to the administrative forfeiture pursuant to 18 U.S.C. § 983(e), he would be unable to satisfy the two requirements set forth in the statute.

Drake would be unable to show that the DEA did not take all reasonable steps to notify him of the seizure. Attached hereto is the Declaration of John Hieronymus, Forfeiture Counsel for the DEA. **Exhibit A**. The Declaration is supported by 14 exhibits which provide evidentiary support of the statements made in the Declaration. The attached Declaration and its supporting exhibits will show that the DEA took all reasonable steps to provide notice to Drake on July 7, 2009, August 14, 2009, and September 14, 2009. *See* **Exhibit A**. Additionally, DEA published notice of the forfeiture in The Wall Street Journal once per week for three consecutive weeks: July 20, 2009, July 27, 2009, and August 2, 2009. *See* **Exhibit A**.

Furthermore, Drake would fail to meet the second requirement set forth in 18 U.S.C.§ 983(e)- that he had no knowledge of the seizure. Drake was present during the search of 2123 Annapolis Road, Baltimore, Maryland where the currency was found and subsequently seized by DEA agents. Drake's presence at the time and place of the seizure negates any argument he could

4

make that he was unaware of the seizure of the currency. Thus, even if Drake challenged the administrative forfeiture pursuant to 18 U.S.C. §983(e), he would not be able to meet the two requirements set forth in 18 U.S.C.§ 983(e) and therefore would not prevail.

In regards to the three cellular telephones and driver's license, the governments asserts that there was no forfeiture proceedings against these items, administrative, criminal or civil. Inquiry was made to the DEA and it was revealed that the DEA does not have custody of these items. The government has no further knowledge of, or control over, these items.

## **CONCLUSION**

Accordingly, the government respectfully requests this Court treat Drake's Rule 41(g) Motion as a Motion pursuant to 18 U.S.C.§ 983(e) and deny it based upon the merits. The government requests this Court find that Drake does not satisfy the two requirements set forth in 18 U.S.C. § 983(e) as proper notice of the administrative forfeiture was sent to Drake by the DEA *and* Drake was aware of the seizure of the currency. Lastly, the government requests this Court find that the Declaration of Forfeiture dated November 12, 2009 is valid and enforceable.

                                    Respectfully submitted,

                                    ROD J. ROSENSTEIN
                                    UNITED STATES ATTORNEY

By:    Mushtaq Z. Gunja
        Assistant United States Attorney
        United States Attorney's Office
        36 S. Charles Street, Fourth Floor
        Baltimore, Maryland  21201
        (410) 209-4988

Dated: February 25, 2011

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, this 26th day of August 2010, caused a copy of the foregoing Government's Motion to Exclude Time Under the Speedy Trial Act to be delivered via CM/ECF to counsel for the defendant:

>Bonnie Jacobs
>Pro Se Litigation Specialist
>Staff Attorney's Office

_____
Mushtaq Z. Gunja