UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 09-CR-00309-JFM |
| | ) | |
| BRIAN DRAKE | ) | |

## GOVERNMENT'S SUR-REPLY TO BRIAN DRAKE'S MOTION FOR RETURN OF SEIZED PROPERTY

NOW COMES the Plaintiff, the United States of America, by and through Rod J. Rosenstein, United States Attorney for the District of Maryland, and Mushtaq Gunja, Assistant United States Attorney, and provides its Sur-Reply to Brian Drake's Motion for Return of Seized Property.

On September 3, 2010, Brian Drake ("Drake") filed a Motion for Return of Seized Property in which he sought, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, the return of the $9,880 in United States currency (the "Currency") that was administratively forfeited by the Drug Enforcement Administration ("DEA") on November 12, 2009. On February 25, 2011, the government filed a Response to Drake's Motion in which the government argued that Rule 41(g) of the Federal Rules of Criminal Procedure was not the appropriate vehicle to challenge an administrative forfeiture; that the correct avenue to challenge an administrative forfeiture was via 18 U.S.C. § 983(e).

The government further explained that in order to be granted relief under 18 U.S.C. § 983(e), an individual must satisfy two requirements: 1) that the government did not take reasonable steps to provide notice and 2) "the moving party did not know or have reason to know

1

of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e).  The government attached to its Response the Declaration of John Hieronymus, Forfeiture Counsel for the DEA, which set forth the efforts the DEA took to notify Drake of the administrative forfeiture.

On May 16, 2011, Drake filed a Reply to the government's Response, in which he argued that the DEA failed to send notice to 118 Warwickshire Lane, Apartment G, Glen Burnie, Maryland 21061, the address where he was residing at the time notice of administrative forfeiture was being sent out by the DEA to possible claimants.  Drake explains in his Reply that the aforementioned address was where the Court authorized him to reside while under home confinement as a condition of being released on bail.  Drake thus asks the Court to order the return of the administratively forfeited Currency or, in the alternative, to "grant a new forfeiture action".

The government does not contest that the DEA inadvertently failed to send notice to Drake at 118 Warwickshire Lane, Apartment G, Glen Burnie, Maryland 21061, and therefore stipulates to the Court's setting aside the administrative forfeiture of the Currency without prejudice.

Pursuant to 18 U.S.C. § 983(e), if a motion to set aside forfeiture is granted, "the court shall set aside the declaration as to the interest of the moving party without prejudice to the right of the government to commence a subsequent forfeiture proceeding as to the interest of the moving party." 18 U.S.C. § 983(e)(2)(A). Furthermore, 18 U.S.C. § 983(e)(2)(B)(i) and (ii) provide that if the court sets aside a forfeiture without prejudice, a subsequent proceeding, if nonjudicial, shall commence within 60 days of the entry of an order setting aside the forfeiture, or if judicial, shall commence within 6 months of the order setting aside the forfeiture.

Accordingly, the government stipulates to Brain Drake's request, pursuant to 18 U.S.C. § 983(e), that the Court set aside the administrative forfeiture of the $9,880.00 in U.S. currency forfeited by DEA on November 12, 2009.  Additionally, the government requests, pursuant to 18 U.S.C. § 983(e)(2)(A), that the forfeiture be set aside without prejudice to the right of the government to commence a subsequent forfeiture proceeding in accordance with the provisions set forth in 18 U.S.C. § 983(e)(2)(B)(i) and (ii).

        Very truly yours,

        Rod J. Rosenstein
        United States Attorney

By:_____
    Mushtaq Z. Gunja
    Assistant United States Attorney

cc: Brian Drake (via US mail)